IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM L. FICKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-944-STE |
| | ) |
| LELAND DUDEK, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant.[1] | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Leland Dudek became the Acting Commissioner of Social Security Administration on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 27-39). The Appeals Council denied Plaintiff's request for review. (TR. 11-13). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.    THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 405.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2021, his alleged onset date. (TR. 30). At step two, the ALJ determined Mr. Ficklin suffered from severe disorders of the spine, discogenic and degenerative, status post June 2019 T7 kyphoplasty, with lumbar pain and radiculopathy. (TR. 30). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 33).

At step four, the ALJ concluded that Mr. Ficklin retained the residual functional capacity (RFC) to:

> [P]erform "light work," as defined in 20 CFR 404.1567(b) and 416.967(b), except that the claimant can only: stand and/or walk a total of four hours in an eight-hour workday while maintaining postures (*i.e.,* sitting and/or standing/walking) for a maximum of 30 minutes at any one time before changing positions; frequently balance, kneel, crouch, and crawl; occasionally stoop and climb ramps and stairs; and never climb ropes, ladders, and scaffolds.

(TR. 34).

With this RFC, the ALJ concluded that Plaintiff was incapable of performing his past relevant work. (TR. 36). As a result, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 60-61). Given the limitations, the VE identified six jobs from the Dictionary of Occupational Titles that Plaintiff could perform. (TR. 62-63). The ALJ then adopted the VE's testimony and concluded, at step five, that Mr. Ficklin was not disabled based on his ability to perform the identified jobs. (TR. 38).

### III.   ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) legal error in the ALJ's evaluation of Plaintiff's mental impairments in determining the RFC, which, in turn, affected the hypothetical question posed to the vocational expert and (2) a lack of substantial evidence to support the ultimate finding of no disability. (ECF No. 11:6-15).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. NO ERROR IN THE ALJ'S EVALUATION OF PLAINTIFF'S MENTAL IMPAIRMENTS

As stated, Mr. Ficklin alleges legal error in the ALJ's evaluation of Plaintiff's mental impairments involving anxiety and depression in determining the RFC, which, in turn, affected the hypothetical question posed to the vocational expert. (ECF No. 11:6-11). The Court finds Mr. Ficklin's arguments to be without merit.

### A. History and Evidence Pertaining to Plaintiff's Impairments

In April 2020, Plaintiff was treated by the Kickapoo Tribal Health Clinic for depression and was prescribed Paxil. (TR. 521-523). In August of 2020, Plaintiff continued to complain of depression owing to his chronic back pain. (TR. 522). In September of 2020, he complained of "increased issues with depression" stemming from his chronic back pain and a physician's assistant prescribed Cymbalta. (TR. 524-526). On October 6, 2020, Mr. Ficklin reported that adding the Cymbalta with his Paxil helped with the depression. (TR. 528). At this visit, Plaintiff reported suffering from anxiety but stated that he was usually able to keep this under control. (TR. 528). Even so, a physician's assistant prescribed Buspar to Mr. Ficklin for the anxiety. (TR. 529). In December 2020, Mr. Ficklin's Paxil was increased, which he stated was helping with the depression. (TR. 532). On November 14, 2021, Plaintiff denied any issues with depression and anxiety, but sought counseling owing to issues he was having in his marriage. (TR. 708). Marvin

Smith, PLC LADC[2] administered a PHQ-9 examination to better assess Plaintiff's mental health. (TR. 712-718). Mr. Smith indicated that the results of the test showed that Plaintiff was suffering from "moderate" depression and "very low anxiety." (TR. 713, 717-719) On January 4, 2022, Plaintiff complained of increased depression and anxiety and stated that he had quit taking his Paxil due to side effects but would like a new medication. (741-742). Accordingly, a physician's assistant prescribed Lexapro to Mr. Ficklin. (TR. 743).

In two function reports submitted to the Social Security Administration at the initial and reconsideration levels of review, in December 2021 and March 2022, Plaintiff primarily complained of physical issues owing to pain, numbness, and tingling in his neck and back. *See* TR. 228-235, 260-267. Mr. Ficklin also stated that his back issues had caused him to be "depressed worried, angrier, and emotional" and that he was "depressed all the time" and "sometimes [his] pain ma[de] it hard to get along with others." (TR. 233, 234, 266).

In January 2022, State Agency psychologist Jason Gunter concluded that Plaintiff's mental impairments were "non-severe" based on the level of mental health treatment sought as set forth in the records. (TR. 72-73). In March 2022, State Agency psychologist Debby Doughty reached the same conclusion, noting that since the initial level of determination, Mr. Ficklin reported that: (1) his back injury made him depressed and

---

[2] Mr. Smith's credentials indicate that he is a Licensed Practical Counselor and a Licensed Alcohol and Drug Counselor. *See* https://aatbs.com/blog/post/adc-vs-ladc-vs-aadc-vs-cdac-vs-casac-a-comprehensive-comparison-of-alcohol-and-drug-counselor-certif (last visited March 20, 2025).

angry, (2) he had difficulty handling stress, (3) he had struggled more with depression when he ran out of Paxil, and (4) been prescribed Cymbalta. (TR. 81-82).

At the commencement of the administrative hearing on December 8, 2022, Plaintiff's counsel stated: "Mainly, Your Honor, this was- - this is a severe pain case." (TR. 48). The attorney then provided the court with a brief summary regarding Mr. Ficklin's:

- T7 kyphoplasty for his thoracic scoliosis;
- "wedge compression fracture" at the T5/T6 level;
- spinal stenosis in his lumbar spine;
- intermittent numbness to the left lower extremity after prolonged bouts of sitting;
- foraminal stenosis at L3/L4; and
- need to stop work due to pain.

(TR. 48-49). The ALJ then questioned Plaintiff about his past relevant work and his physical impairments. Mr. Ficklin told the ALJ that:

- it was hard for him to sit, stand, and walk for long periods of time;
- he experienced numbness and pain in his left leg;
- he used a cane;
- he used over-the counter pain medication;
- he experienced pain and numbness in his back and neck, as well as arm tingling when he sat for too long; and
- he laid in a recliner with his legs propped up help relieve the pain.

(TR. 53-58). Plaintiff's attorney did not inquire regarding his client's mental health or any related impairments, nor did Mr. Ficklin offer any such testimony.

### B.    The ALJ's Assessment of Plaintiff's Mental Impairments

At step two, the ALJ determined that Plaintiff suffered from medically determinable impairments involving generalized anxiety disorder and major depressive disorder. (TR. 30). Thus, pursuant to the Social Security regulations, the ALJ was required to rate the degree of Mr. Ficklin's functional limitations in following four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself—the so-called "B" criteria. 20 C.F.R. §§ 404.1520a(c)(3) & 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(C). In each area, the possible ratings are none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4) & 416.920a(c)(3). If the ratings in all four areas are "none" or "mild," a claimant's mental impairment is generally considered to be non-severe. 20 C.F.R. §§ 404.1520a(d)(1) & 416.920a(d)(1).

Pursuant to these regulations, The ALJ analyzed Plaintiff's medically determinable mental impairments under the "B" criteria. (TR. 30-32). Ultimately, the ALJ determined that Plaintiff had "mild" limitations in all four functional areas. As a result, the ALJ concluded that Mr. Ficklin's mental impairments were not severe. (TR. 32). At step four, the ALJ found no mental limitations in determining Plaintiff's RFC. (TR. 34).

### C.    Plaintiff's Challenge to the ALJ's Evaluation of his Mental Impairments

Mr. Ficklin alleges that the ALJ erred in failing to evaluate the medically determinable impairments of anxiety and depression in determining his RFC at step four. According to Plaintiff, this error necessarily affected the hypothetical impairment posed

to the VE because it failed to include limitations related to Plaintiff's mental health and was, therefore, unreliable. (ECF No. 11:6-11). The Court disagrees.

"*[A]ll* medically determinable impairments, severe or not, must be taken into account at those later steps [of the sequential evaluation]." *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010); *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*").

As stated, at step two, the ALJ concluded that Plaintiff's mental impairments were medically determinable, but not severe. (TR. 32). In doing so, the ALJ considered Plaintiff's mental health treatment records, function reports, and testimony at the administrative hearing. (TR. 30-32). In assessing the RFC at step four, the ALJ obviously believed that Plaintiff suffered no functional limitations relating to any mental impairment, as is reflected by his absence of the same in the RFC. *See* TR. 34. The ALJ was entitled to reach this conclusion, but according to Mr. Ficklin, the ALJ erred at step four by failing to consider the effect of Plaintiff's mental impairments on the RFC. *See supra*. The Court disagrees.

At step four, in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe. *See* 20 C.F.R. §§ 404.1545(a)(2). The Social Security Administration has specifically stated that the criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in

paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]." Social Security Ruling 96–8p, 1996 WL 374184, at *4 (July 2, 1996).

The ALJ recognized this legal standard, and then went on to state that the RFC reflected the degree of limitation found in the "paragraph B" analysis (findings of "mild" limitations, *see supra*). In doing so, the ALJ discussed, in some detail, the prior administrative findings from Drs. Gunter and Doughty—findings which Mr. Ficklin does not challenge. *See* TR. 32-33. Ultimately, the Court concludes that the ALJ's discussion was sufficient to discharge his duty at step four.[3]

## VI. PLAINTIFF'S REMAINING ARGUMENT

Mr. Ficklin next argues that due to the error in failing to properly evaluate his mental impairments at step four, the VE's testimony is unreliable because it failed to include limitations related to Plaintiff's mental health, resulting in a lack of substantial evidence to support the step five findings. (ECF No. 11:11-15). The Court rejects this argument, however, based on the lack of error at step four, as discussed above.

---

[3] The Court also notes that the record neither contains specific limitations and/or restrictions related to Plaintiff's mental health, nor does Plaintiff's counsel suggest any that should have been included in the RFC. Plaintiff's counsel suggests that if her client's mental health impairments had been properly considered, that the ALJ could not have deemed him capable of performing work which required a certain "reasoning level." *See* ECF No. 11:11-14. But Plaintiff's argument is premised on speculation only, in which the Court cannot indulge.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on March 28, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE